UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Case: 1:24−mc−00105
Assigned To : McFadden, Trevor N.
Assign. Date : 8/28/2024
Description: Misc. Case (O−DECK)

-------------------------------------------

UNITED STATES OF AMERICA

v.                                                                Case No.: 1:24-cr-00265-TNM

ROBERT P. BURKE, et. al.,

       Defendants.

-------------------------------------------

**NEXT JUMP'S MOTION FOR A BRIEFING SCHEDULE TO MOVE TO QUASH THE GOVERNMENT'S TRIAL ███ ████████████████████**

    On August 1 and August 2, 2024, Next Jump received an extraordinarily broad and resource-intensive trial subpoena ██ ████████████████████████ from the government in connection with its case against Robert Burke, Charlie Kim, and Meghan Messenger. With this motion, Next Jump seeks the Court's approval to appear in this case, file a motion to quash ██ ████████, a briefing schedule for its motion to quash, and an opportunity to be heard before the Court on that motion. Prior to filing this motion, the undersigned counsel met and conferred with the government regarding ████████. The government declined to address multiple objections and stated that Next Jump should move to quash.

    Next Jump has multiple, valid grounds to seek to quash ████████. Among those grounds are the following:

    *First*, the trial subpoena's requests are extraordinarily broad. *See* Exhibit A. The requests violate the standard set forth in *United States v. Nixon*, 418 U.S. 683 (1974), and its progeny. The relevance and admissibility of what the government seeks are unclear. A trial subpoena "may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). "[T]he court may quash or modify the

subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). A party issuing a Rule 17(c) subpoena must show that the subpoena is evidentiary and relevant, that the requests seek documents not otherwise reasonably procurable, that the party cannot properly prepare for trial without the requested documents, and that the subpoena is not intended as "fishing expedition." *Nixon*, 418 U.S. at 699–700. Courts generally require a party seeking the production of documents to demonstrate three things: (1) relevancy, (2) admissibility, and (3) specificity.

The government's trial subpoena in this case violates the *Nixon* standard. Given the breadth of these requests, the government has not, cannot, and will not be able to demonstrate why its subpoena requests seek relevant, admissible, and specific information.

During the meet and confer regarding ▮▮▮▮▮▮▮, the government was asked whether they agreed that the *Nixon* standard applied to its trial subpoena. The government responded that it was not familiar with the *Nixon* standard, that they would look into it and get back to Next Jump, and that they did not recall hearing about this standard in recent memory. The government did not consider and apply the *Nixon* standard when drafting its requests. These requests epitomize the definition of a fishing expedition. Lead prosecutor Joshua Rothstein repeatedly declined to address Next Jump's concerns, stating that they were not going to go over each of the requests with us, that Next Jump should just file a motion to quash, that the requests were targeted, and that requests covering a 30-month time period were not broad.[1]

*Second*, the trial subpoena ▮▮▮▮▮▮▮▮▮▮ were issued within hours of each other and have substantial overlap. ▮▮▮▮▮▮▮ The timing, the nature of the requests, and

---

[1] AUSA Rothstein led most of the discussion for the government relating to our concerns regarding ▮▮▮▮▮▮▮. During that discussion, AUSA Rothstein politely informed us that he will be moving to another unit within the U.S. Attorney's Office soon and no longer assigned to this case.

the overbreadth raise serious questions regarding the proprietary of ▮▮▮▮▮. Asked about the overlap, AUSA Rothstein stated in sum and substance that ▮▮▮▮▮ had their own purposes. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

    *Third*, the breadth and scope of the trial subpoena ▮▮▮▮▮ are "unreasonable" and "oppressive" for a small business with limited personnel and financial resources. The requests would require hundreds of hours of attorney review at a cost of tens to hundreds of thousands of dollars. The requests do not have custodial, location, and other customary limitations. ▮▮▮▮▮ in combination impose an unreasonable and debilitating financial burden on the company with less than twenty-five full-time employees. Asked whether the government would agree to fund all or part of the costs to undertake the significant burden of responding to ▮▮▮▮▮, the government declined. Moreover, the requirement to identify, review, and produce these documents on an expedited timeframe at the same time the company's very existence hangs in the balance while its co-CEOs fight the charges in the indictment is unreasonable. In summary, ▮▮▮▮▮ could materially harm the co-CEOs from properly defending themselves in the charged case.

    *Fourth*, the government has *already obtained* extensive information from search warrants issued for the email accounts of Next Jump's co-CEOs, Mr. Kim and Ms. Messenger, as well as their personal phones. Next Jump conducts virtually all of its business via email. Thus, nearly all documents that the government seeks should be readily apparent from review of the contents of the returns from these search warrants. Given this prior access, the additional scope of

information sought through the trial ██████ ██████ likely redundant and unnecessary.

*Finally*, in its motion to quash, Next Jump will provide evidence regarding the government's conduct before the indictment that corroborate both the "oppressive" and "unreasonable" nature of the requests in the trial subpoena ██████████████. Unfortunately, there is a history here where, among other things, Next Jump presented exculpatory evidence to the government in November 2023 demonstrating that Mr. Kim and Ms. Messenger relied on Admiral Robert Burke's representations, offered to provide additional evidence, and then the government declined to hear or ask about that evidence after the November 2023 meeting. Certain actions by the lead prosecutors following the indictment continue to be in a manner inconsistent with the finest traditions of the United States Department of Justice, which we intend to share with the Court.

Given the above facts and circumstances, including the deficiencies present in ██ the trial ████████████, Next Jump respectfully seeks the Court's approval to file a motion to quash, a briefing schedule, and to be heard before the Court.

                                                Respectfully Submitted,

Dated:  August 27, 2024　　　　　　　　  /s/ Reed Brodsky
                                          Reed Brodsky (*Pro Hac Vice pending*)
                                          GIBSON, DUNN & CRUTCHER LLP
                                          200 Park Avenue
                                          New York, New York 10166
                                          Telephone: (212) 351-5334

                                          Matt Butler (DC Bar No.: 1721350)
                                          GIBSON, DUNN & CRUTCHER LLP
                                          1050 Connecticut Avenue, N.W.
                                          Washington, DC  20036
                                          Telephone: (202) 955-8500
                                          mbutler@gibsondunn.com

                                          *Attorneys for Next Jump*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Notice was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ Matt Butler*
Matt Butler (DC Bar No.: 1721350)

Dated: August 27, 2024