# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) |
| Robert P. Burke, et al. | ) Case No. 1:24-cr-00265-TNM |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Next Jump, Inc.
512 W 22nd Street, 9th Floor
New York, NY 10011

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, 333 Constitution Avenue Northwest, 2nd Floor, Washington, DC, 20001 | Courtroom No.: | 2 |
|---|---|---|---|
| | | Date and Time: | 11/12/2024 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attachment

*(SEAL)*

Date: 10/22/2024

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* United States of America
_____, who requests this subpoena, are:

Trevor Wilmot, Trial Attorney
Public Integrity Section, Criminal Division
United States Department if Justice
1301 New York Ave NW, 10th Floor, Washington, DC 20530
(202) 616-2188
Trevor. Wilmot@usdoj.gov

Case No.   1:24-cr-00265-TNM

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## **SUBPOENA ATTACHMENT**

**TO:**

Next Jump, Inc.
512 W 22nd Street, 9th Floor
New York, NY 10011

**SCOPE:**

September 1, 2019 to February 28, 2023, unless otherwise specified

**DEFINITIONS AND INSTRUCTIONS:**

1.      "Record" means business records responsive to the requests below that meet the requirements of Federal Rule of Evidence 803(6), without regard to whether there a separate basis may exist to exclude the record for admission at trial under a separate hearsay rule.  For example, if there is a business record responsive to a request that may contain hearsay within hearsay, you must produce the record.

        a.      "Record" includes a writing of whatever nature, whether an original, a draft, or a copy, and however produced, reproduced or stored.  Non-identical copies are deemed to be separate.  "Record" also includes letters, contracts, agreements, memoranda, receipts, calendars, itineraries, diaries, recordings, videos, photographs, appointment books, files, spreadsheets, telephone messages and message logs, notes, schedules, work sheets, books, pamphlets, summaries, proposals, ledgers, statements, invoices, financial statements and other compilations of financial data such as bank statements and bank records, workpapers, checks, records of wire transfers or cash payments, charts, graphs, research materials, prospectuses, registration statements, presentation decks, and computer printouts and other computer generated writings, or any similar documents.

2.      "You" or "Your" means Next Jump, Inc. and its employees and partners.

3.      In the event that any record or communication called for by this subpoena is withheld on the basis of any claim of privilege, provide a log as to each such record and communication identifying (a) the nature of the privilege asserted; (b) the type of record/communication; (c) a general subject matter description; (d) the date the record/communication was created and the date it bears; (e) the author(s) of the record/communication, including the author's address, telephone number and employment capacity, and the recipient(s); and (f) the number of pages of the record/communication.

4.      In responding to this subpoena, please provide: (1) responsive records in electronic, load-ready and text-searchable format for use on Relativity, if possible; (2) Bates numbers to identify pages and files produced; and (3) a production index that identifies the scope of the production

1

with the Bates ranges responsive to particular request(s). Please execute the enclosed certificate of authenticity of business records, as applicable.

**REQUESTS:**

Please produce the following:

1. The business records of Outlook calendar entries (to include dates, times, locations, attendees, comments and attachments) for Charlie Kim and Megan Messenger related to internal and external meetings, appointments, calls or discussions regarding:

   a. Travel to Washington, D.C. on or about July 23, 2021 to meet with Burke;

   b. Burke's visit to Next Jump office on November 16, 2021;

   c. Calls or meetings with Burke or his staff, calls or meetings with the U.K. Royal Navy, or calls or meetings within Next Jump, concerning efforts to obtain business from the United States Navy during the following periods of time:

      i. September 1, 2019 through November 31, 2019;

      ii. September 1, 2020 through May 31, 2021;

      iii. July 1, 2021 through July 31, 2021;

      iv. November 1, 2021 through January 31, 2022;

   d. OPM Task Order 24361822F0011 (relating to training performed in Italy and Spain in January 2022 for the United States Navy); and

   e. Robert Burke.

2. All business records regarding travel to Washington, DC on July 23, 2021 by Charlie Kim and Meghan Messenger, to include reservations, itineraries, expense reports, receipts, tickets, purpose of travel, lodging information, meetings/events attended, and business meals (by amount spent/name of restaurant/participants).

3. All business records relating to Robert P. Burke's visit to your New York City office on November 16, 2021.

4. For the period April 2021 through February 2023, all records regarding his recruitment, hiring and resignation.

2

5. All business records regarding existing business, canceled business, or efforts to obtain business from the U.K. Royal Navy (for the period January 2022 through May 2022).

6. The following business records associated with OPM Task Order 24361822F0011 (relating to a training you performed in Italy and Spain in January 2022 for the United States Navy): bids, applications, ethics certifications/acknowledgements, , proposals, statement of work performed, purchase requisitions, solicitations, specifications, contracts, subcontracts, certifications, invoices, expenses incurred, expense reports, and payments sent and received in relation to the Task Order (whether submitted to or received from the Navy, OPM, PowerTrain, Inc., or DoD).

7. For the period January 1, 2022 through January 31, 2022, all business records with any current or former member of the United States Navy or member of the U.K. Royal Navy, related to the training provided by Next Jump to the United States Navy in January 2022.

\*   \*   \*

Please contact DOJ Trial Attorneys Trevor Wilmot, Kathryn Fifield (202-514-1412) or AUSA Rebecca Ross (202-815-8982) with any questions.

## "APPENDIX A" INSTRUCTIONS FOR PRODUCTION OF <u>ELECTRONICALLY (DIGITALLY) STORED RECORDS</u>

**I.    General**

   A.   Electronically stored records shall be produced in electronic form and shall include those records held either: (1) in your record retention systems; and/or (2) by your technology, data, or other service provider(s).

   B.   Electronic files produced in response to this subpoena (*e.g.*, PDF or .tiff files) **should not** be encrypted, secured or password protected. The transport container (*e.g.*, cd, dvd, flash drive, hard drive or zip file), however, may be encrypted and/or strong cipher password protected to ensure data integrity and the safety of identifiable information.

   C.   Proprietary viewers *are **unacceptable***, unless the viewer has the ability to bulk export images as tiff images or PDF files (preferably preserving and logging document boundaries within the collection upon export, rather than restriction of printing to a page-by-page or document-by-document format). In the case of proprietary audio/video viewers, the viewer must have the option to export to standard .wav audio or .mpg1 video format.

   D.   Decryption keys shall be produced separately at the time the data are produced. Authentication, such as hash coding, may be set by agreement.

**II.    Text Data**

   A.   Text data relating to transactions (e.g., core data, history file) shall be produced within a data file: (1) using delimited ASCII text data format; or (2) within software that can export without loss of data to a non-proprietary file format; or (3) using commonly readable file format set by agreement.

   B.   Text data files shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

**III.   Image Data**

The preferred method of production is single-page, 300 dpi, CCIT Group IV, black and white .tiff files. Electronic or physical application of control (*i.e.*, Bates) numbers should be applied to each image in a manner that does not obscure image content. Control numbers should be less than 70 characters in length, alpha-numeric only and include no spaces or "special" characters (hyphens and underscores are acceptable). Alpha portions of the Bates numbers should indicate source, custodian or other meaningful data helping to identify the production source. The numeric component should be zero-padded to provide sufficient digit place holders to accommodate with ease the entire range of production. Individual .tiff image file names should match the Bates number appearing on the image. It is imperative that you employ a consistent naming and numbering scheme in successive or multiple productions. Corresponding Opticon or IPRO image load files which provide indication of the logical and/or physical document boundaries and image path information should be provided. OCR text files that are grouped at the document boundary level and named for the first bates number in the document range should also be included. If this is not possible, we will accept searchable PDF files grouped at the document level and named by the first control number of the range included within each PDF, respectively.

**IV.   Audio, Video and Multimedia:**

Audio files should be in .wav or .wma (8-bit mono or 16-bit stereo LCPM) formats. Video files must be mpeg1 format. Avoid proprietary viewer software.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by NEXT JUMP, INC., and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of NEXT JUMP, INC. The attached records consist of _____ pages of _____**[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of NEXT JUMP, INC., and they were made by NEXT JUMP, INC. as a regular practice; and

    b.    such records were generated by NEXT JUMP, INC.'s electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of NEXT JUMP, INC. in a manner to ensure that they are true duplicates of the original records; and

      2.    the process or system is regularly verified by NEXT JUMP, INC., and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                         Signature